THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AMADOR SOTO ET AL., Defendants and Appellants.

No. 11307. Argued May 3, 1946.—Decided May 20, 1946.

Rafael Hernández Matos for appellants. E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General, and J. Correa Suárez, Assistant Prosecuting Attorney, for appellee.

Mr. Justice Córdova delivered the opinion of the court.

Eight persons, convicted and sentenced for a violation of § 299 of the Penal Code, appealed from the judgment and assigned as error the insufficiency of the evidence.

Section 299 of the Penal Code provides in its pertinent part as follows:

"That every person who deals, plays or carries on, opens or causes to be opened, or who conducts either as owner or employee, whether for hire, or not, any game of faro, monte, roulette, fantan, poker, seven and-a-half, twenty-one, hoky-poky, or any game of chance played with cards, dice or any device for money, checks, credit, or other representative of value, and every person who plays or bets at or against any of the said prohibited games, is guilty of a misdemeanor and shall be punishable by a fine not exceeding five hundred dollars, or by imprisonment in jail not exceeding six months, or by both such fine and imprisonment."

We have held that those games of chance which are not expressly mentioned in the Section cited, are not prohibited

unless there is someone who opens, conducts, and operates. the game and receives some gain or profit therefrom. *People* v. *Domínguez*, 32 P.R.R. 293; *People* v. *Marcano*, 24 P.R.R. 447.

 The evidence shows that one of the defendants, Fernando Bonafoux, opened, conducted, and operated a game known as *"pares o nones"* in which several persons participated. It was played on a billiard table on one end of which a number of pins were placed. A person standing at the other end of the table impelled a billiard ball with a cue toward the pins so that the ball would rebound on one of the cushions of the table before striking the pins. Before playing, he bet money with one or more of the persons present on his knocking down an even or odd number of pins. Moreover, stakes were laid among the other persons present upon the outcome of the play. Bonafoux collected the stakes and paid the winners. If the player won, Bonafoux kept for himself five cents. If he lost, Bonafoux did not receive anything.

The appellants insists that this is a game of skill, because the result depends upon the skill of the player. The only evidence on this point is the testimony of defendant Bonafoux who testified that the player "tries to knock down two pins, but sometimes he strikes three" and that "if I say 'odds' I may knock down 'evens.'" Then he was asked whether this was due to a want of skill or to chance, and he answered: "It is due to the fact that you have a chance to win. You must have skill, because you have to place the ball properly." And he added that a more skillful player has a better opportunity to knock down the number of pins. he desires than a less skillful one.

Although there is no doubt that the skill of the player plays a certain role in the game, it is evident that it is not the decisive factor. As stated by defendant Bonafoux, there is always an opportunity to win or lose. If this were not

so, it would be hard to account for the game's popularity, which is not confined to Ponce, as the appellants think, but extends to the Philippines, where it has been held that it is a game of chance. *United States* v. *Concepción*, 37 Phil. Rep. 52. We do not deem it proper to go into a philosophical discussion of the relative weight to be attached to the various factors which may determine the uncertainty in the result.[1] In some of the games expressly prohibited by § 299 of the Penal Code, such as poker, skill plays an important part. In others, such as roulette and dice, skill plays no part, in the absence of fraud. Both types of games are prohibited if operated as a means to wager money, and are prohibited only if operated for that purpose. The case at bar, we think, is a typical example of the class of games prohibited by § 299. It is not a game such as billiards, chess, checkers, bowling, or baseball, which have a purpose of their own, apart from wagering, although sometimes stakes are laid upon their outcome. It is a game which like poker, dice, and roulette, ordinarily has no other purpose than the betting of money or its equivalent. It is, therefore—as held in *United States* v. *Concepción*, *supra*—a game of chance, that is, one of the games prohibited by § 299 of the Penal Code.

The evidence, as we have seen, shows that Bonafoux, opened, conducted, and operated the game and received a profit. The fact that the profit was fixed, and that it did not depend upon the amount of the stakes, is not important. The important fact is that Bonafoux obtained a profit from the game. The offense was therefore established as to Bonafoux.

█ As to the other seven appellants, there is not the slightest justification for their conviction. Only one of the seven is mentioned in the complaint. The evidence does

[1] See the lengthy monograph on games of chance in 135 A.L.R. 104, which illustrates the slight value of such discussions.

not contain the slightest reference to them. The judgment should be reversed as to all the defendants except Bonafoux, and affirmed as to him.